UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

M.R., individually and on behalf of G.V.,
a child with a disability,

                       *Plaintiffs,*                         COMPLAINT

    -against-

                                                 Civ. _____

NEW YORK CITY DEPARTMENT OF EDUCATION,
                       *Defendant.*
_____

      M.R., individually and on behalf of G.V., a child with a disability, by and through her attorney, RATCLIFF LAW, PLLC, for their complaint hereby alleges:

1. This is an action brought pursuant to the enforcement and fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. This is also an action pursuant to Title 42 of the United States Code, Section 1983 to redress the denial to Plaintiffs by Defendant of protected liberty interests and rights without due process of law.

3. Plaintiff M.R. resides in the County of Queens, State of New York.

4. Plaintiff G.V. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

5. M.R. is the parent of G.V. as defined by IDEA, 20 U.S.C. § 1401(23).

6. Defendant NEW YORK CITY DEPARTMENT OF EDUCATION is a local educational agency as defined by IDEA, 20 U.S.C. § 1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 et seq., and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

7. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

8. Jurisdiction for the enforcement of the Order under 42 U.S.C. § 1983 is predicated upon 28 U.S.C. § 1331, and upon 28 U.S.C. § 1343, which provides, inter alia, the district courts with original jurisdiction to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

9. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the Defendant, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND—CASE NO. 190060

10. G.V. was born in 2012.

11. G.V. was classified as a student with autism by Defendant's committee on special education ("CSE").

12. By due process complaint ("DPC") to the Defendant dated October 9, 2019, Plaintiffs demanded a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

13. Plaintiffs' letter demanded, inter alia, a finding that Defendant did not provide G.V. with a free appropriate public education ("FAPE") pursuant to IDEA.

14. The hearing request demanded, among other things, that G.V.'s 2019-2020 tuition at the Manhattan Star Academy.

15. This case was assigned Impartial Hearing Office Case Number 190060.

16. The Defendant appointed Melinda G. Gordon as impartial hearing officer ("IHO") on October 11, 2019.

17. An impartial due process hearing was held for Plaintiffs on May 14, 2020.

18. A Finding of Facts and Decision ("Order") was ordered by the IHO on June 22, 2023. The IHO found that Defendant did not provide G.V. with a FAPE and ordered Plaintiffs the requested relief.

## FIRST CAUSE OF ACTION

19. Plaintiffs repeat and reallege paragraphs 1 through 18 as if more fully set forth herein.

20. Plaintiff M.R. initiated an impartial hearing on behalf of G.V. styled case number 190060.

21. Plaintiffs prevailed by obtaining an Order from the IHO ordering the relief demanded by Plaintiff M.R.

22. Plaintiffs having prevailed in the underlying proceedings hereby demand reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

WHEREFORE, Plaintiffs respectfully requests that this Court:

(1)    Assume jurisdiction over this action;

(2)    Award to the Plaintiffs, costs, expenses and attorneys' fees for this 42 U.S.C. § 1983 action pursuant to 42 U.S.C. § 1988;

(3)    Award to the Plaintiffs, costs, expenses and attorneys' fees for the administrative proceedings pursuant to 20 U.S.C. § 1415;

(4)    Award to the Plaintiffs the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415; and

(5)    Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
      June 18, 2028

                                            Yours etc.,

                                            s/ Jennifer Ratcliff
                                            _____

                                            RATCLIFF LAW, PLLC
                                            Jennifer Ratcliff, Esq.
                                            *Attorneys for Plaintiffs*
                                            145 E 8th St.
                                            New York, New York 10028
                                            (646) 741-3030
                                            jennifer@ratclifflaw.org